UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mayer Handler,<br><br>       *Plaintiff,*<br><br>v.<br><br>SILLS CUMMIS & GROSS P.C. and<br>JOSHUA N. HOWLEY,<br><br>       *Defendant.* | Docket: 1:2024cv03406<br><br>**COMPLAINT**[1] |

Plaintiffs Mayer Handler, by his counsel Levi Huebner & Associates PC, pleads his case for a money judgment against Defendant, Sills Cummis & Gross P.C. and Joshua N. Howley, and states as follows:

### JURISDICTIONAL ALLEGATIONS

1. At all times material to this lawsuit, Plaintiff, (referred to as "Plaintiff") is domiciled in Brooklyn, New York, County of Kings.

2. At all times material to this lawsuit, Defendants Sills Cummis & Gross P.C. and Joshua N. Howley ("Defendants") were addressed at 101 Park Avenue, 28th Floor, New York, New York 10178.

3. At all relevant times, the acts giving rise to this action occurred and accrued in the County of New York.

4. All relevant times, the acts giving rise to this action occurred and accrued were directed to obtain an unjust collateral advantage against Plaintiff's property ownership in the Sullivan.

---

[1] The complaint is filed in compliance with the Court's order, dated May 10, 2024, and without the waiver of the right to seek remanding this case to State Court.

5. At all relevant times, the acts giving rise to this action occurred and accrued by service of process in the County of Kings.

**NATURE OF ACTION**

6. Plaintiff is a condominium owner with clear title to Unit A-21 of in the Waverly Development of the City of Monticello, addressed as 34 Cherry Blossom Lane.

7. Since its inception, the condominium owners of Waverly Development have been embroiled in litigation and arbitration proceedings against Elli Katz, the developer of Waverly Development, involving material defects in the development. Some of the litigation is embodied in the *Matter of Arbitration Between Kohn and Waverly Homes Dev. LLC*, 203 AD3d 1536 [3d Dept 2022], and *Yakov Markowitz et al v. Waverly Homes Development LLC,* E2019-2403.

8. Defendants represent Walkoff Holdings LLC ("Walkoff"), an alter ego of Katz.

9. As its name suggests, at some time in February 2021, Katz created Walkoff to become judgment proof from the condominium owners and "walk-off" without being held responsible for the liabilities.

10. For that, Walkoff assumed certain mortgages involving segments in the Waverly Development that are encumbered by a mortgage, and Walkoff began foreclosure proceedings against all the condominium owners, even those condominium owners who have no encumbrances.

11. On December 13, 2022, Defendants were fully aware of the fact that Plaintiff does not owe any debt to Walkoff.

12. On December 13, 2022, Defendants were fully aware that Walkoff Holdings LLC had no mortgage or lien Unit A-21.

13. On December 13, 2022, Defendants brought a Verified Foreclosure Complaint ("foreclosure") action against Plaintiff asserting that Unit A-21 is collateral to a promissory note involving the Waverly Development.

14. The foreclosure is captioned in the Supreme Court of New York in the County of Sullivan captioned in the Index No. E2022-2493 as *Walkoff Holdings LLC v. Waverly Homes Development LLC, Board Of Managers Of Waverly Gardens Development, Eli Katz, Chaya Padwa, Town Of Thompson, Village Of Monticello, Stern Bersh, L Vacation LLC, Baruch Mendlowich, Issac Czimet, Issac Triegar, Yitty Rivky Triegar, Mortgage Electronic Registration Systems, Inc., Loandepot.Com, LLC, David Fried, Chavi Fried, Joel Grinfeld, Henrique Fekete, The Federal Savings Bank, Simon Strulovic, Joseph Mendlowits, Chaya Mendlowits, Waverly Sf LLC, Waverly 15 LLC, Yecheil A. Klein, Mayer Ganzfried, Jacob Schwimmer, Chaya Schwimmer, Mayer Handler, Yehuda Kohn, Waverly Garden Unit LLC, Joseph Friedman, 25 Waverly Garden LLC, Joel Tyrnauer, Waive 27 LLC, Lipa Zicherman, Resamac LLC, Joseph Feder, Joseph Jacob, 52 Waverly LLC, 50 Waverly LLC, Simon Snitzer, Mordechai Green, Joel Freund, Joel Grinfeld, Samuel Reich, Joel Sofer, Benzion Strasser, Blimah Mndel, Aryeh Greenberg, Shmuel Wieder, Yakov Markowitz, Joel Parnes, Issac Adler, Naftali Schnitzler, Menachem Tauber, Berel Braver, Solomon Feder, David Rosenfeld, Solomon Schwartz, Moses Englander, Mordechai Retek, Moshe Weber, Moses Appel, And John Does And Jane Does 1-100, The last 100 names being fictitious and unknown to the plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the verified complaint*.

15. The foreclosure stated that Plaintiff's title to Unit A-21 is subject to a mortgage by J & J Capital Realty Associates LLC and sought to hold "all Defendants", including Plaintiff as

"barred and forever foreclosed of all right, title, lien, claim, use, and equity of redemption in and to any of the collateral securing the Loans, and in and to the fixtures and articles of personalty upon which the Mortgages are a lien attended to or used in connection with any of the collateral securing the Loans."

16. On December 13, 2022, Defendants filed a notice of pendency of foreclosure against Plaintiff's condominium.

17. The act of casting Plaintiff's title to Unit A-21 as subject to any debt of Walkoff Holdings LLC and filing a notice of pendency falsely cast Plaintiff's title as still being encumbered by a mortgage despite having previously received a release of the mortgage.

18. The foreclosure followed by the notice of pendency called into doubt the validity of the release of the mortgage.

### First Cause of Action

19. Plaintiff repeats all of the aforementioned allegations stated in paragraphs 1 through 18 and pleads to remedy the damages caused by Defendants for abuse of process.

20. The Defendants had no basis for filing a notice of pendency on Plaintiff's condominium, except to misuse the process in a perverted manner to become judgment proof against the condominium owners.

21. The Defendants had no basis for filing a notice of pendency on Plaintiff's condominium, except to misuse the process in a perverted manner as a pressure tactic to have the Plaintiff force the condominium owners to give up litigating its differences with Eli Katz.

**Second Cause of Action**

22. Plaintiff repeats all of the aforementioned allegations stated in paragraphs 1 through 21 and pleads to remedy the damages caused by Defendants for slander of title.

23. On December 13, 2022, Defendants were fully aware of the fact that Plaintiff does not owe any debt to Walkoff Holdings LLC.

24. On December 13, 2022, Defendants were fully aware that Walkoff Holdings LLC had no mortgage or lien Unit A-21.

25. The Defendants' filing of the foreclosure and the placing of a notice of pendency on Plaintiff's condominium was based on a falsehood subjugating Plaintiff's clear title as collateral to a mortgage.

26. Defendants knowingly created the falsehood of the foreclosure that Plaintiff's title is subject to the mortgage of Waverly Development, and filed a notice of pendency to that effect, to slander Plaintiff's title and Defendants did so with the intent to harm the Plaintiff and imply that Plaintiff's release from such mortgage is not valid.

**Third Cause of Action**

27. Plaintiff repeats all of the aforementioned allegations stated in paragraphs 1 through 26 and pleads to remedy the damages caused by Defendants for violation of Judiciary Law 487.

28. Defendants are attorneys.

29. The foreclosure action was created, and a notice of pendency filed to that effect, as a deceit with intent to deceive the court in the foreclosure on Plaintiff's rights to the Unit A-21 and injure Plaintiff's right to title as subject to a mortgage.

30. The foreclosure action was created as a deceit to injure Plaintiff's right to title with intent to deceive third parties on Plaintiff's rights to the Unit A-21 that the Plaintiff is in default on the arrears of a mortgage.

31. As a direct of the foregoing acts committed by Defendants, Plaintiff suffered damages.

32. Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

**Fourth Cause of Action**

33. Plaintiff repeats all of the aforementioned allegations stated in paragraphs 1 through 32 and pleads to remedy the damages caused by Defendants for violation of the FDCPA.

34. Plaintiff is a consumer within the meaning of 15 USCA § 1692a[3] in that the Defendants hassled Plaintiff to pay a debt that was not owed by Plaintiff.

35. Defendants are debt collectors within the meaning of 15 USCA § 1692a(6) in that they regularly collect debt on behalf of third parties, including by collecting debt on promissory notes, and pursue creditor rights in its debt collection practice.

36. **First violation:** in violation of 15 USC 1692g(a), the Defendants failed to afford Plaintiff the initial communication notice stating the amount of the debt, the name of the creditor to whom the debt on Unit A-21 is owed, a statement seeking to validate the debt within thirty days, a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt is disputed, the Defendants will obtain verification that Plaintiff owes the debt, and a statement that the Plaintiff has the right to request the name and address of the original creditor.

37. **Second violation:** Defendants violated 15 USCA § 1692g[b] in deliberately omitting the validation notice required pursuant to 15 USCA § 1692g[a], that is because it would afford Plaintiff the right to dispute the validity of the debt, whereas such dispute by Plaintiff would require the Defendants to cease collection of the debt until the debt is validated. Defendants deliberately deprived Plaintiff of the right to dispute the debt.

38. **Third violation:** the communication presented by the foreclosure was materially false, thus violating 15 USC § 1692e(a)(2) in misrepresenting the legal status of the debt, because at all relevant times, Plaintiff was duly released from any obligation to the mortgage. In a like situation as Plaintiff, a least sophisticated consumer reading the complaint in the foreclosure, which constitute a communication by an attorney debt collector, would be misled to believe that the consumer's rights in real property of Unit A-21 is subject to the debt of other condominium owners. Defendant's action was a false communication to mislead the consumer into thinking that the consumer is now obligated to pay a debt that had nothing to do with Plaintiff.

39. **Fourth violation:** at all relevant times, the foreclosure attempted to collect a debt from Plaintiff that is in fact not due at all. Defendants violated 15 USCA § 1692e[4] with the false representation or implication that nonpayment of the mortgage sought in the foreclosure will result in the Plaintiff losing its title to Unit A-21 by the foreclosure, when such action is not lawful in the face of Real Property Law 339-i.

40. **Fifth violation:** Defendants violated 15 USCA § 1692e[2][A] in the false representation or implication of the legal status of the mortgage on certain units within the Waverly Development are enforceable against Plaintiff despite Real Property Law 339-i. Defendants attempted to collect a debt that was not Plaintiff's debt.

41.     **Sixth violation:** Defendants violated 15 USCA § 1692e[5] by threatening to take the action of subjecting Plaintiff foreclosure, which cannot legally be taken, since Plaintiff did not owe any debt to Walkoff.  Alternatively, Defendants violated 15 USCA § 1692e[5] by threatening to take the action of subjecting Plaintiff foreclosure, which Defendants did not intend to take.

## CONCLUSION

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor award damages and treble damages for Plaintiff, statutory damages, costs with attorney's fees and just other and further relief, including punitive damages, as may be just and reasonable under the circumstances.

Dated: Brooklyn, NY
   May 19, 2024

              Levi Huebner & Associates, PC

              /s/ Levi Huebner
              Levi Huebner, Esq.

              488 Empire Blvd Suite 100
              Brooklyn, NY 11225
              Tel: (212) 354-5555
              *Attorneys for Plaintiff*